UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN MEARS,

                Plaintiff,

    -against-

JUDGE MICKI A. SCHERER; JUDGE
EDWARD J. McLAUGHLIN; JUDGE A.
KIRKE BARTLEY; APPELLATE DIVISION,
FIRST DEPARTMENT,

                Defendants.

1:23-CV-3299 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Steven Mears, who is appearing *pro se*, filed this action asserting that the defendants have violated his federal constitutional rights. He sues the following defendants: (1) former New York Supreme Court Justice Micki A. Scherer; (2) Acting New York Supreme Court Justice Edward J. McLaughlin; (3) Acting New York Supreme Court Justice Kirke Bartley; and (4) the New York Supreme Court, Appellate Division, First Department ("Appellate Division"). Plaintiff seeks injunctive and declaratory relief.

By order dated April 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, and dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original).

## BACKGROUND

Plaintiff alleges the following: In 2003, he was charged in the New York Supreme Court,

New York County, with attempted murder in the second degree, assault in the first degree, and

resisting arrest. His first criminal trial commenced on May 10, 2004, and nine days later, on May

19, 2004, the state court declared a mistrial as to all of the felony counts, but it convicted him of

resisting arrest. A second criminal trial commenced on February 23, 2005; Plaintiff was

convicted of assault in the first degree on March 9, 2005, and was sentenced, on August 22,

2005, to an 18-year prison term, to be followed by a 5-year post-release supervision term.

According to the "incarcerated lookup" (https://nysdoccslookup.doccs.ny.gov/) and

"parolee lookup" (https://publicapps.doccs.ny.gov/ParoleeLookup/default) search engines within

the website of the New York State Department of Corrections and Community Supervision,

Plaintiff was released from prison on January 29, 2019, and was released from post-release

supervision on May 27, 2022. He filed his complaint in this court on April 19, 2023, and alleges

that he is a "convicted and released (former prisoner)." (ECF 1, at 2.) Thus, it appears that, at the

time that he filed his complaint in this court, Plaintiff was no longer in custody pursuant to his

state court judgment of conviction.

Plaintiff's claims arise from the defendants' alleged actions and failure to act during and

after one of Plaintiff's criminal trials, including the defendants': (1) denial of Plaintiff's speedy

2

trial motion, brought under N.Y. Crim. Proc. Law § 30.30; (2) failure to decide Plaintiff's

postconviction collateral motions; (3) denial of Plaintiff's postconviction collateral motions,

including his motions brought under N.Y. Crim. Proc. Law § 440.10; and (4) in the case of the

Appellate Division, its failure to grant Plaintiff *mandamus* relief against the individual

defendants as to their failure to address at least some of the abovementioned motions and,

possibly, its failure to grant Plaintiff leave to appeal the denial of others of those motions.

Plaintiff seeks relief declaring the defendants' actions, failure to act, and their judicial decisions

to be illegal and unconstitutional, as well as relief that directs the defendants to take actions that

vacate their previous judicial decisions and grant him the relief that he previously sought from

the defendants. In addition, Plaintiff requests that, if his complaint is determined to be an

improper vehicle for the relief he seeks, that the Court convert it into a petition for writ of *habeas*

*corpus*, a petition for a writ of *mandamus*, or any other proper vehicle for the relief he seeks.

## DISCUSSION

The Court construes the complaint as asserting claims of constitutional violations, under

42 U.S.C. § 1983, in which Plaintiff seeks injunctive and declaratory relief that essentially

challenges his state court conviction.[1] *See Huang v. Johnson*, 251 F.3d 65, 74 (2d Cir. 2001)

(noting Justice Souter's language in a concurrence that stated that "'a former prisoner, no longer

'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or

confinement without being bound to satisfy a favorable-termination requirement that it would be

impossible as a matter of law for him to satisfy'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 21

---

[1] To the extent that Plaintiff seeks *mandamus* relief, such relief is not available here because Plaintiff does not seek such relief against a federal officer, employee, or agency. *See* 28 U.S.C. § 1361.

(1998)) (Souter, J., concurring). For the reasons set forth below, however, the Court must dismiss this action.

**A.      Claims against the Appellate Division**

The Court must dismiss Plaintiff's claims against the Appellate Division under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

As part of the New York State Unified Court System, the Appellate Division is an arm of the State of New York and, thus, enjoys Eleventh Amendment immunity from suit. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.") (citation omitted); *Weinstein v. Miller*, No. 21-CV-4543, 2021 WL 3038370, at *6 (S.D.N.Y. July 15, 2021) ("As the Appellate Division . . . [is] part of the New York State Unified Court System, which is an

4

agency of the State of New York, . . . [it is] immune from suit under the Eleventh Amendment."),

*appeal dismissed*, No. 21-1818 (2d Cir. Aug. 18, 2021) (effective Sept. 8, 2021); *see also*

*Napolitano v. Saltzman*, 315 F. App'x 351 (2d Cir. 2009) (summary order) (Appellate Division,

Second Department, enjoys Eleventh Amendment immunity); *Zuckerman v. Appellate Div.,*

*Second Dep't*, 421 F.2d 625, 626 (2d Cir. 1970) (Appellate Division, Second Department, is an

arm of the State of New York).

Accordingly, the Court dismisses all of Plaintiff's claims against the Appellate Division,

which include claims for injunctive relief and retrospective declaratory relief, under the doctrine

of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P.

12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its

immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v.*

*Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh

Amendment in their briefs, we raise it sua sponte because it affects our subject matter

jurisdiction.").

**B.    Judicial immunity**

The Court must also dismiss Plaintiff's claims for injunctive relief against the individual

defendants, all former or current state court judges, under the doctrine of judicial immunity.

Under this doctrine, judges are absolutely immune from civil suit for money damages for any

actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-

12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity."

*Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d

47, 51 (2d Cir. 1994). Moreover, Section 1983 provides that, "in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief

shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations suggest that neither of these exceptions applies here. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims against the individual defendants, who all are former or current state court judges, arise from their actions or failures to act, or from their judicial decisions with respect to Plaintiff's state court criminal trial motions, including a speedy trial motion, or his postconviction collateral motions. The Court therefore dismisses these claims for injunctive relief under the doctrine of judicial immunity,[2] and consequently, as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

---

[2] Plaintiff cannot seek injunctive relief against the individual defendants under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief was available to Plaintiff in that he could have attempted and, on some occasions, did attempt to appeal the denial of the abovementioned motions, though unsuccessfully. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

C.      The *Rooker-Feldman* doctrine

The *Rooker-Feldman* doctrine also requires the dismissal of Plaintiff's claims for

declaratory relief against the individual defendants, because those claims challenge the final

orders and judgments of those defendants as to Plaintiff's state court criminal trial motions or

postconviction collateral motions. Under the *Rooker-Feldman* doctrine, a federal district court

lacks authority to review a final state court order or judgment where the plaintiff seeks relief that

invites the federal district court to reject or overturn such a final state court order or judgment.

*See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also*

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-*

*Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district

courts' federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize

district courts to exercise appellate jurisdiction over state-court judgments . . . ."); *Dorce v. City*

*of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district

courts from hearing cases that in effect are appeals from state court judgments, because the

Supreme Court [of the United States] is the only federal court with jurisdiction over such cases."

(citing 28 U.S.C. § 1257))); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The

[*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme

Court [of the United States] is the only federal court that has jurisdiction to review state court

judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus

review).") (citation omitted). The *Rooker-Feldman* doctrine "precludes a United States district

court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. This

includes when a plaintiff seeks relief that invites a federal district court to reject or overturn a

final decision of a state court as to a speedy trial motion, *see Gregory v. Pardes*, No. 07-CV-

1542, 2008 WL 936772, at *1 (E.D.N.Y. Apr. 7, 2008), or as to a postconviction collateral

motion, *see Armstrong v. Lebowtiz*, 17 F. App'x 55, 56 (2d Cir. 2001) (summary order); *Strauss v. Dwyer*, No. 1:21-CV-0414, 2021 WL 3635167, at *3-4 (N.D.N.Y. Aug. 17, 2021), *report & recommendation adopted*, 2021 WL 4502279 (N.D.N.Y. Oct. 1, 2021); *Clemmons v. Albany Cnty. Dist. Attorney's Office*, No. 1:16-CV-0884, 2016 WL 5717265, at *1 (N.D.N.Y. Sept. 29, 2016).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a final state court order or judgment; (3) the plaintiff invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

In seeking declaratory relief against the individual defendants, who are all former or current state court judges, Plaintiff challenges those defendants' final decisions with regard to his state court speedy trial or postconviction collateral motions. The *Rooker-Feldman* doctrine bars this Court from reviewing such challenges. The Court therefore dismisses Plaintiff's claims for declaratory relief against the individual defendants under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

**D.      Plaintiff's request to convert his complaint into a petition for a writ of *habeas corpus***

Plaintiff requests that, if the Court determines that his complaint in which he asserts claims under Section 1983 is not the proper vehicle for the relief he seeks, the Court convert his complaint into a petition for writ of *habeas corpus*, brought under 28 U.S.C. § 2254, in which he challenges his New York County conviction. Because Plaintiff was no longer in custody at the

time that he filed his complaint, however, the Court cannot do so.[3] *See* 28 U.S.C. § 2254(a)

(custody requirement for Section 2254 *habeas corpus* relief); *Lackawanna Cnty. Dist. Attorney*

*v. Coss*, 532 U.S. 394, 401 (2001) ("The first showing a § 2254 petitioner must make is that he is

'in custody pursuant to the judgment of a State court.'" (quoting § 2254(a))).

## E.     Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[3] If Plaintiff were still in custody, the Court would construe Plaintiff's complaint as a
Section 2254 *habeas corpus* petition, and then transfer it to the United States Court of Appeals
for the Second Circuit as a second or successive petition because Plaintiff previously brought a
Section 2254 *habeas corpus* petition challenging the same conviction, and because that petition
was denied as untimely, and thus, denied on the merits. *See* 28 U.S.C. § 2244(b)(3)(A) (litigant
must seek authorization from the Court of Appeals to bring a second or successive *habeas
corpus* petition); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a
§ 2254 petition for failure to comply with the one-year statute of limitations constitutes an
adjudication on the merits that renders future petitions under § 2254 challenging the same
conviction 'second or successive' petitions under § 2244(b)."); *Graham v. Costello*, 299 F.3d
129, 132 (2d Cir. 2002) (a *habeas corpus* petition is second or successive if a previous one,
challenging the same conviction, was decided on the merits); *Mears v. Graham*, ECF 1:13-CV-
8737, 25 (S.D.N.Y. July 11, 2014) (recommending granting the respondent's motion to dismiss
Plaintiff's previous Section 2254 *habeas corpus* petition for untimeliness), *report &
recommendation adopted*, ECF 1:13-CV-8737, 27 (S.D.N.Y. Aug. 14, 2014); *see also Jiminian
v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) (courts are not required to give a litigant notice and an
opportunity to withdraw before construing the litigant's submission as a second or successive
submission and transferring it to the Second Circuit); *Liriano v. United States*, 95 F.3d 119, 122-
23 (2d Cir. 1996) (district courts should transfer second or successive Section 2254 *habeas
corpus* petitions to the Second Circuit under 28 U.S.C. § 1631).

Indeed, Plaintiff's previous attempts to challenge this conviction through additional
*habeas corpus* petitions have been transferred to the Second Circuit as second or successive
petitions, and the Second Circuit has denied him permission to proceed. *See Mears v. LaClair*,
ECF 1:16-CV-5816, 4 (S.D.N.Y. July 21, 2016), *leave denied*, No. 16-2658 (2d Cir. Oct. 11,
2016); *Mears v. Comm'r of D.O.C.C.S.*, ECF 1:22-CV-2273, 3 (S.D.N.Y. Mar. 22, 2022), *leave
denied*, No. 22-6150 (2d Cir. May 27, 2022) (effective June 17, 2022).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

<h3 style="text-align:center">CONCLUSION</h3>

The Court dismisses this action. The Court dismisses all of Plaintiff's claims against the

Appellate Division under the doctrine of Eleventh Amendment immunity, for lack of subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses Plaintiff's claims for

injunctive relief against the individual defendants under the doctrine of judicial immunity and,

consequently, as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court further dismisses

Plaintiff's claims for declaratory relief against the individual defendants under the *Rooker-*

*Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    June 20, 2023
             New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge